UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TRACY ROBSON, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>LIFE INSURANCE COMPANY OF )<br>NORTH AMERICA, )<br>    Defendant. ) | 2:19-cv-02068 |

## **COMPLAINT**

COMES NOW Plaintiff, Tracy Robson, and for her claims and causes of action against Defendant, Life Insurance Company of North America, states:

### PARTIES

1. Tracy Robson is a resident and citizen of the State of Kansas.

2. Life Insurance Company of North America ("LINA") is an out of state insurance company authorized to do business in the State of Kansas.

### JURISDICTION AND VENUE

3. Robson brings her claim pursuant to the Employee Retirement Income Security Act ("ERISA") and 29 U.S.C. § 1001 *et seq*.

4. This dispute is governed by a welfare benefits plan and its policy documents, as well as applicable federal law regarding employer provided benefits. 29 U.S.C. § 1132(e)(1).

5. This Court has subject matter jurisdiction pursuant to the general jurisdictional statute for civil actions arising under the laws of the United States." 28 U.S.C. § 1331.

6. Venue lies in the Western District of Missouri under 29 U.S.C. § 1132(e)(2), as the breach occurred in this district, and because the welfare benefits plan is administered in

1

this District.

7. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to this action occurred within this judicial district.

## INFORMATION REGARDING TRIAL

8. No jury trial is allowed under ERISA law.

9. Trial is to be held in Kansas City, Kansas.

## STATEMENTS OF FACT

10. Since 2007, Amarr Company, doing business as Entrematic ("Entrematic"), employed Robson as a manager of customer technical services.

11. At all relevant times, Entrematic sponsored a group welfare benefits plan for its participating employees ("the Plan").

12. The Plan constitutes an employee welfare benefit plan as defined by 29 U.S.C. § 1002(1).

13. The Plan offered long-term disability ("LTD") benefits to covered and eligible Entrematic employee Plan participants.

14. At all relevant times, Entrematic has been the Plan administrator.

15. Entrematic delegated to LINA the function of issuing LTD benefit claim determinations.

16. LINA's group insurance policy ("the Policy") funded the Plan's LTD benefits.

17. Under the terms of the Plan and the Policy, Robson has been a Plan participant and covered employee.

18. LINA defines "Disability/Disabled" in the following way:

**Definition of Disability/Disabled**
The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
1. unable to perform the material duties of his or her Regular Occupation; and
2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

The Insurance Company will require proof of earnings and continued Disability.

19. LINA defines "regular occupation" in the following way:

> **Regular Occupation**
> The occupation the Employee routinely performs at the time the Disability begins. In evaluating the Disability, the Insurance Company will consider the duties of the occupation as it is normally performed in the general labor market in the national economy. It is not work tasks that are performed for a specific employer or at a specific location.

20. On September 6, 2016, Robson ceased working for Entrematic.

21. On September 7, 2016, Robson became disabled due to the following impairments and resulting limitations: fibromyalgia, inflammatory arthritis, vertigo, impaired cognition, Chronic Obstructive Pulmonary Disease, impaired kidney function, major depressive disorder, bipolar disorder, obsessive compulsive disorder, and social anxiety disorder.

22. Robson timely and properly submitted a claim for LTD benefits.

23. On January 5, 2017, LINA acknowledged receipt of Robson's claim.

24. On February 20, 2017, Cigna consultant, Dr. Peter Volpe, MD, completed a review of Robson's file. He concluded:

> **Reason for Referral:** per referral: "Restrictions of no work are not supported as evidenced by Provider indicating that the customer has cognitive deficits, however, does not provide current measurable data to support customer reports. The available medical record does not reflect a severity level that is consistent with the presence of a psychiatric functional impairment."

25. On February 23, 2017, Robson's claim was reviewed by Cigna consultant Dr. Shadrach H Jones, IV, M.D. Dr. Jones found:

> In my opinion with a reasonable degree of medical certainty, I am able to answer the questions below as follows, after assessing the combined effect of all conditions for their impact on the whole person:
>
> - Is the customer functionally limited? If so, describe how the customer is functionally limited. **No.**
>
> - Considering the customer's functional limitations and the treatment(s) required for their condition(s), what medically necessary activity restrictions are appropriate? **None.**

3

26. On February 23, 2017, LINA notified Robson that it had denied her claim.

27. In its denial letter, LINA stated:

> In summary, following review of available information with respect to your diagnosis of fibromyalgia and anxiety, the information provided to us does not support your inability to perform your occupation as a customer service representative. We acknowledge that you have these medical conditions; however, the medical information on file does not provide any current quantifiable, clinical, or imaging findings to support a significant physical functional impairment.

28. On April 11, 2017, Robson requested her claim file from LINA.

29. On May 24, 2017, consultative examiner Dr. J. Edd Bucklew, Ph.D prepared a report addressing Robson's non-exertional impairments. He concluded that she was moderately limited in the ability to carry out detailed instructions; moderately limited in the ability to maintain concentration for extended periods; and moderately limited in the ability to respond appropriately to changes in the work setting.

30. On June 23, 2017, Robson received from the Social Security Administration a Notice of Award stating that she would receive monthly benefits of $1,219.

31. On June 27, 2017, Robson, through the assistance of her counsel, provided new evidence to substantiate her appeal, including the Social Security Administration's Notice of Award.

32. On August 25, 2017, LINA referred Robson's claim file to Dr. Reginald A. Givens, MD and Dr. Keith P. Romano, MD for review.

33. On September 12, 2017, LINA notified Robson in writing that it had upheld its decision denying Robson's claim.

34. In its September 12, 2017 denial letter, LINA stated:

> In summary, a review of the medical information on file fails to provide a physical or global functional impairment or clinical finding indicative of a functional loss to preclude your client from performing the duties of her own occupation.
>
> We are not stating that your client may not have some health problems as a result of her conditions, rather, we have not been provided with medical documentation to support an impairment of functional capacity severe enough to affect her ability to work in her own occupation.

35. LINA based its decision in part on the opinions of Dr. Givens and Dr. Romano.

36. On September 19, 2017, Robson requested from LINA her updated claim file.

37. On March 22, 2018, Robson again appealed LINA's denial.

38. On March 23, 2018, LINA acknowledged receipt of Robson's appeal.

39. On March 27, 2018, Robson provided additional evidence in support of her appeal. Robson also made a number of requests of LINA regarding future peer reviews and medical consultations.

40. On May 15, 2018, Robson's file was referred for review by Dr. Marcus J. Goldman, MD and Dr. Phillip J. Putnam, MD.

41. On June 14, 2018, LINA notified Robson in writing of its decision again denying her benefits claim.

42. In its denial letter, LINA stated:

> We are that Ms. Robson has been awarded Social Security Disability (SSDI) benefits by the Social Security Administration (SSA) and this decision was considered and given significant weight during our appeal review. Per your March 27, 2018 letter, you have submitted Ms. Robson's entire SSDI claim file for review of her appeal. The review of Ms. Robson's SSDI file along with the information in her LTD file determined that there was not sufficient clinical evidence to support a functional impairment of a severity that would prevent her from performing her own occupational duties.

43. LINA relied in part on the opinions of Dr. Putnam and Dr. Goldman in making its decision.

44. On June 25, 2018, Robson requested from LINA an updated copy of her file.

45. Robson remains Disabled as defined by the Policy.

46. Robson has exhausted administrative remedies.

CAUSES OF ACTION

COUNT I
29 U.S.C. § 1132(a)(1)(B) – WRONGFUL DENIAL OF BENEFITS

47. Robson realleges paragraphs 1-46 as if fully set forth herein.

48. Robson is entitled to all unpaid and accrued LTD benefits, as LINA:

    a. Made an unfavorable decision without substantial evidence;

    b. Failed to consider each of Robson's medical impairments;

    c. Failed to properly consider and assess medical records and opinions;

    d. Failed to provide its reviewing personnel all relevant evidence;

    e. Failed to properly communicate with Robson's treating medical providers;

    f. Improperly characterized Robson's occupation;

    g. Relied on a vocational analysis founded on unsubstantiated medical limitations, unsupported by the evidence in the claim file and made without respect to certain medical limitations;

    h. Failed to adequately apply the Policy's applicable provisions, including each component of the definition of "disabled";

    i. Afforded inappropriate weight to non-treating and non-examining consultants over physicians with personal and longitudinal experience treating Robson;

    j. Violated its internal guidelines and claims processing procedures;

    k. Did not serve as an impartial administrator of claims; and

    l. Issued an unfavorable decision that was arbitrary and capricious.

49. Pursuant to 29 U.S.C. § 1132(a)(1)(b), Robson is entitled to an award of actual damages for losses suffered, including past and future benefits.

50. Pursuant to 29 U.S.C. § 1132(g), judgment may include compensation for a beneficiary's attorney's fees, costs, and prejudgment interest.

51. LINA has not satisfied its obligation to pay Robson benefits.

52. WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(g), Robson prays for judgment against LINA for unpaid past benefits and for future benefits; for an

award of attorney's fees and costs; for prejudgment interest; and for clarification as to Robson's rights to future benefits from the Plan pursuant to 29 § 1132(a).

## COUNT II
## 29 U.S.C. § 1132(a)(3) – BREACH OF FIDUCIARY DUTY

53. Robson realleges paragraphs 1-52 as if fully set forth herein.

54. 29 U.S.C. § 1002(21)(A) defines a fiduciary as one who:

> "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, [. . .] he has any discretionary authority or discretionary responsibility in the administration of such plan."

55. 29 U.S.C. § 1104(a)(1)(A) describes the fiduciary standard of care:

> "[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

56. As the Plan's designated claims administrator and entity exercising discretion in claims administration, LINA is a fiduciary.

57. LINA, the Plan's designated claims administrator, is a fiduciary as previously indicated.

58. Robson participated in and benefitted from the Plan as previously indicated.

59. A higher than marketplace quality standard, as set forth in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 (2008) governs LINA's actions as a fiduciary.

60. Additionally, as the payor of benefits and entity responsible for benefits determinations, LINA operates under an inherent structural conflict of interest.

61. In LINA's mischaracterization of Robson's limitations and complaints, it reviewed her claim in a manner designed to unjustifiably maximize Robson's functional abilities for the predetermined purpose of denying benefits.

62. LINA's review was inconsistent with its own guidelines and procedures. Its claims

handlers did not comply with documented instructions involving the administration of disability claims and vocational reviews. In failing to comply with its internal guidelines and claims processing procedures, LINA breached its fiduciary duty.

63. LINA did not compensate and use its medical and vocational consultants for the exclusive purpose of providing benefits to Plan participants. Nor did it do so for the purpose of defraying reasonable expenses in administering the Plan. Rather, LINA contracted with these consultants for the purpose of denying benefits, compensating them at rates that did not comport with its duty to defray reasonable expenses. This conduct is indicative of a breach of LINA's fiduciary duties.

64. In failing to properly consider Robson's impairments and limitations, LINA breached its fiduciary duties of competence and loyalty.

65. LINA's reviewing physicians noted in several instances that further testing was required to evaluate cognitive Robson's concerns. However, it performed no further testing or review. By not further investigating Robson's cognitive issues, LINA breached its fiduciary duty.

66. LINA terminated Robson's LTD benefits for the purpose of elevating its financial interests. In doing so, it breached its fiduciary duties.

67. LINA's decision terminating Robson's benefits and its conduct in administering claims are a part of a larger systematic breach of fiduciary obligation.

68. LINA failed to discharge its duties solely in the interests of its participants and beneficiaries. It acted with both a conflict of interest and breached its fiduciary duty to both Robson and the Plan's participants and beneficiaries generally.

69. WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(3), § 1109, and §1132(a)(2), Robson prays for an injunction preventing further unlawful acts by LINA in its fiduciary

capacity; for declaratory judgment to determine the Plan's liability; an equitable accounting of benefits that LINA has withheld; disgorgement of profits enjoyed by LINA in withholding benefits; for restitution under a theory of surcharge; for the Court's imposition of a constructive trust; for specific performance; for an award of attorney fees; for an equitable order removing LINA as the administrator of claims; and for further relief as the Court deems just.

## COUNT III
## STATUTORY AND REGULATORY NONCOMPLIANCE

70. Robson realleges paragraphs 1-69 as if fully set forth herein.

71. ERISA imposes on administrators the duty to establish and maintain reasonable claims procedures. 29 C.F.R. § 2560.503-1(b).

72. 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(h) afford Robson the right to a full and fair review on appeal.

73. Additionally, 29 C.F.R. § 2560.503-1(b)(7) requires that an administrator ensure that "all claims and appeals for disability benefits are adjudicated in a manner designed to ensure the independence and impartiality of the persons involved in making the decision."

74. Under 29 U.S.C. § 1029 and § 1132(a)(1)(A), an administrator must furnish to a claimant certain information.

75. 29 C.F.R. § 2560.503-1(h)(2)(iii) describes specific information and documents that an administrator must provide to a claimant. This includes information that is relevant to the claim. 29 C.F.R. § 2560.503-1(m)(8).

76. Robson has been harmed by LINA's failure to provide her with an adequate description of the information necessary to perfect his claim, as well as an explanation of why that information is necessary. 29 C.F.R. § 2560.503-1(g)(1).

77. This failure affords Robson the right to pursue any remedy under Section 502(a) of ERISA, including § 1132(a)(3). 29 C.F.R. § 2560.503-1(l)(2)(i).

78. WHEREFORE, LINA's failure to comply with statutory and regulatory requirements subject its decision to a *de novo* standard of review.

    Respectfully submitted,

    BURNETTDRISKILL, LLC

    By: /s/ Tylor B. Whitham
        Tylor B. Whitham, Kan. #27874
        Kyle H. Sciolaro, Kan. #24991
        103 W 26th Ave., Ste. 290
        North Kansas City, MO  64116
        P: 816.781.4836
        F: 816.792.3634
        twhitham@burnettdriskill.com
        ksciolaro@burnettdriskill.com
        ATTORNEYS FOR PLAINTIFF